## Eligibility of Participants in Foster Grandparents' Program for State Employe Benefits

PACKEL, Attorney General, February 22, 1974.—
You have asked me whether participants in the Foster
Grandparents' Program should be included in the State
Retirement Program, the Unemployment Compensation System, the Workmen's Compensation System
and various State insurance programs. This question
arises because a recent amendment to the Older Americans Act provides:

"Notwithstanding any other provision of law, no
compensation provided to individual volunteers under
this part shall be considered income for any purpose
whatsoever": 42 U.S.C. §3044(b), (d), 83 Stat. 112,
113, as amended.

Foster grandparents, who are volunteers covered
by the Older Americans Act, are assigned to State
institutions for the retarded. They work four hours
each day for a five-day week. They are paid $2.61 per
hour, of which $1.60 is Federal money. You have informed me that the foster grandparents are subject to
all State personnel rules and policies and that the
department controls their hours of employment, patient assignments, supervision, evaluation, and other
conditions of employment. Nevertheless, since the
compensation provided foster grandparents can no
longer be considered "income," you have asked whether
participants in that program can still be considered
employes of the Commonwealth for purposes of the
programs listed above. You are advised that partici-

pants in the Foster Grandparents' Program are employes of the Commonwealth and are eligible for each of the above-listed programs.

Section 611(d) of the Older Americans Act does not state that volunteers under the program cannot be considered employes. The term "income" is not synonymous with legal consideration. For example, a personal maintenance fee might not be considered income but could be sufficient consideration to support a contract. It is my opinion that the use of the term "income," rather than a broader term such as "consideration," "compensation," or "wage," indicates that the purpose of section 611(d) was simply to exempt the income of foster grandparents from State and Federal income taxes and social security taxes. Moreover, if the language in section 611(d) were interpreted to equate "income" with "consideration" so that foster grandparents could no longer be considered employes of the Commonwealth, they would be left without the protection of those insurance policies that cover Commonwealth employes as well as without the protection of the various State programs designed to protect employes. Such a result would conflict not only with the general purposes of the Older Americans Act (see 42 U.S.C. §§3001, 3003), but also with the specific purpose behind section 611(d) itself—to encourage participation in the Foster Grandparents Program. In addition, the legislative objectives of the State Workmen's Compensation Act, Unemployment Compensation Act and the Retirement Code would be frustrated. Neither the language nor the purpose of §611(d) compels this result.

Since foster grandparents receive legal consideration in return for services provided and since they are subject to the direction and control of the Department of Public Welfare in the performance of their duties,

they fulfill the traditional criteria of employes. There-fore, State insurance programs for which only employes are eligible should be extended to protect foster grand-parents. For example, public liability insurance cover-ing all State employes[1] should be considered to extend to foster grandparents. I reach the same conclusion with respect to the State Retirement Program, the Unemployment Compensation Program, and the Workmen's Compensation Program. I shall discuss these three latter programs in more detail.

A. *State Retirement Program*

The State Retirement Code defines "state employe" to mean:

"(a) Any person holding a State office or position under the Commonwealth, employed on a yearly or monthly basis by the State government of the Com-monwealth, in any capacity whatsoever except any officer or employe employed on a per diem or hourly basis for less than one hundred (100) days or seven hundred fifty (750) hours": Act of June 1, 1959, P. L. 392, as amended, 71 PS §1725-102(6)(a). (There follow certain other exceptions not applicable here.)

Obviously, foster grandparents are employes within this definition. Membership in the State Retirement Program is mandatory for all State employes except for certain exempt categories not relevant here.[2] There-fore, foster grandparents must be considered members of the State Retirement Program.

The amount of each employe's contribution to the retirement fund is determined, inter alia, according to his salary. Although "salary" is not defined in the act, "compensation" is defined to mean "all compensation received, including all overtime or other extra com-

---

[1]  71 PS §634(b).
[2]  See 71 PS §1725-102.

pensation and maintenance allowances but excluding refunds for expenses incidental to employment": 71 PS §1725-102(15). The compensation paid to foster grandparents falls within this meaning and should be used as a basis for determining proper contribution to the retirement fund.

B. *Unemployment Compensation*

The Unemployment Compensation Law, as amended, September 27, 1971, subjects all State employes to the Unemployment Compensation Act:

"Notwithstanding any other provisions of this act, the Commonwealth of Pennsylvania and all its departments, bureaus, boards, agencies, commissions and authorities shall be deemed to be an employer and services performed in the employ of the Commonwealth and all its departments . . . shall be deemed to constitute State employment subject to this act": Act of December 2, 1936, P. L. (1937) 2897, as amended, 43 PS §891.

Since foster grandparents are paid a "remuneration" and provide a service to the Commonwealth under the control and direction of the department, they must be considered as being in the employ of the Commonwealth. See 43 PS §753(1). Therefore, foster grandparents are subject to the Unemployment Compensation Law.

Benefits under this law are figured on the basis of a formula based on the employer's wages. See 43 PS §804. The act defines "wages" to mean "all remuneration, including the cash value of mediums of payment other than cash, paid by an employer to an individual with respect to his employment": 43 PS §753(x). (There follow a number of exceptions not relevant here). Therefore, the compensation paid foster grandparents should be considered wages for purpose of figuring contributions and benefits under this act.

## C. *Workmen's Compensation*

Participation in the Workmen's Compensation Program is voluntary, but eligibility for the program is dependent on an employer-employe relationship. The act declares "employer"

"[T]o be synonymous with master, and to include . . . the Commonwealth, and all governmental agencies created by it": Act of June 2, 1915, P. L. 736, as amended, 77 PS §21.

The act defines "employe" as a "servant," which includes

"All natural persons, who perform services for another for a valuable consideration": 77 PS §22. (There follow exceptions not relevant here).

Since foster grandparents are paid compensation and are directed and controlled in the performance of their duties by the Commonwealth, there can be little doubt that a master-servant relationship exists between the foster grandparents and the Department of Public Welfare.

Calculation of benefits under the Workmen's Compensation scheme is based upon the concept of wages. See 77 PS §511-541. Nothing in the definition of "wages" in the act would exclude from the meaning of that term the compensation paid to foster grandparents. See 77 PS §582.

Therefore, foster grandparents would be considered eligible for the Workmen's Compensation Program and their compensation should be considered "wages" within the meaning of that act.

### Summary

Section 611(d) of the Older Americans Act prohibits the compensation paid to foster grandparents from being treated as "income." But the provision cannot be

construed to mean that foster grandparents are not paid legal consideration remuneration, compensation, salary, or wages, as those terms are used in the various State statutes discussed above. Therefore, you are advised that participants in the Foster Grandparents' Program are State employes eligible for the programs listed, and the rate of contribution or entitlement under the listed programs should be calculated based upon the rate of compensation paid to the foster grandparents. A contrary conclusion would leave foster grandparents without State insurance coverage, would frustrate the legislative objectives of the State Retirement Act, the State Unemployment Compensation Act, the State Workmen's Compensation Act, and, therefore, the protective objectives of the Older Americans Act. Since this interpretation of section 611(d) of the Older Americans Act renders that act compatible with the State statutes discussed, there is no need to discuss the applicability of the Supremacy Clause of the United States Constitution.